UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MICHELLE J. D'ANTUONO,**
**individually and as**
**Administratrix of the Estate of**
**Joseph B. D'Antuono,**

            **Plaintiff,**

            v.

**RELIANCE STANDARD LIFE**
**INSURANCE COMPANY,**

            **Defendant.**
_____

**3:18-cv-347**
**(GLS/DEP)**

## SUMMARY ORDER

Pending is defendant Reliance Standard Life Insurance Company's motion to dismiss, or, in the alternative, to transfer venue. (Dkt. No. 9.) For the reasons below, the motion is granted as to dismissal.

This action was filed in New York State Supreme Court on February 20, 2018, (Dkt. No. 1, Attach. 1), and removed to this court by Reliance on March 20, 2018, (Dkt. No. 1). After Reliance filed a motion to dismiss, (Dkt. No. 5), plaintiff Michelle J. D'Antuono filed an amended complaint, (Am. Compl., Dkt. No. 7).[1] On April 20, 2018, Reliance filed the pending

---

[1] D'Antuono brings this action "[i]ndividually and as Administrat[rix] of the Estate of Joseph B. D'Antuono." (Am. Compl. at 1.)

motion.  (Dkt. No. 9.)

In a nutshell, D'Antuono claims that her husband's employer provided him a life insurance policy through Reliance for $500,000.00.  (Am. Compl. ¶¶ 1-2, 4, 6.)  After her husband's death, Reliance denied D'Antuono's request for benefits under her husband's policy.  (*Id.* ¶¶ 15-21.)

After filing this action, D'Antuono filed a separate action in Pennsylvania state court against Reliance and her husband's employer, which was removed to the United States District Court for the Eastern District of Pennsylvania (hereinafter "the Pennsylvania action").  (Dkt. No. 9, Attach. 1 at 2-3 & n.4 (citing E.D. Pa. Case No. 2:18-cv-1518 (hereinafter "E.D. Pa.")).)  Reliance is correct that the events giving rise to both actions are identical.  (Dkt. No. 9, Attach. 1 at 2.)  Indeed, D'Antuono's amended complaint in the Pennsylvania action is virtually a carbon copy of (and attaches the same exhibits as) the amended complaint here.  (*Compare* E.D. Pa. Dkt. No. 6, *with* Am. Compl.)

The only appreciable difference in the Pennsylvania action is that, unlike here, D'Antuono also brought a cause of action against her husband's employer.  (E.D. Pa. Dkt. No. 6 ¶¶ 39-41.)  However, D'Antuono subsequently entered a stipulation and order voluntarily dismissing the

2

employer.  (E.D. Pa. Dkt. No. 33.)  Thus the Pennsylvania action is now virtually identical to this one.  *See infra* n.2.

Reliance argues that this action should be dismissed because it is duplicative of the Pennsylvania action.  (Dkt. No. 9, Attach. 1 at 2-3.)  Although D'Antuono addresses Reliance's other arguments, she fails to address this argument.  (Dkt. No. 11 at 1-5.)  The court agrees with Reliance.

"As part of its general power to administer its docket, a district court may . . . dismiss a suit that is duplicative of another federal court suit." *New Phone Co. v. City of New York*, 498 F.3d 127, 129 (2d Cir. 2007) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  An action is duplicative if it is based on a common nucleus of operative facts.  *See New Phone Co.*, 498 F.3d at 129; *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000) (holding rule against duplicative actions "applies . . . to . . . claims arising out of the same events").  As explained above, that is exactly the case here.

Moreover, "[t]he power to dismiss a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation." *Curtis*, 226 F.3d at 138 (internal quotation marks and citation omitted).

Application of the rule is thus especially appropriate here; in the Pennsylvania action, partial motions to dismiss have already been granted, (E.D. Pa. Dkt. No. 14),[2] an answer by Reliance has been filed, (E.D. Pa. Dkt. No. 15), a scheduling order has been entered, (E.D. Pa. Dkt. No. 23), and a settlement conference with a Magistrate Judge has been held, (E.D. Pa. Dkt. No. 30 ¶ 18). "The doctrine is also meant to protect parties from the vexation of concurrent litigation over the same subject matter." *Curtis*, 226 F.3d at 138 (internal quotation marks and citation omitted).

Reliance seeks, in the alternative, transfer of this action to the Eastern District of Pennsylvania. (Dkt. No. 9, Attach. 1 at 3-4.) However, dismissal is more appropriate, as this action is in the wheelhouse of the doctrine for dismissal of duplicative actions, and D'Antuono failed to offer

---

[2] In the Pennsylvania action, D'Antuono brought four causes of action. (E.D. Pa. Dkt. No. 6 ¶¶ 22-41.) In this action, D'Antuono brought three causes of action, which are identical to her first three causes of action in the Pennsylvania action. (*Compare* Am. Compl. ¶¶ 22-38, *with* E.D. Pa. Dkt. No. 6 ¶¶ 22-38.) The court in the Pennsylvania action dismissed all but D'Antuono's first cause of action. (E.D. Pa. Dkt. No. 14.) Thus, dismissal here is even more appropriate because otherwise the court would be left to address two causes of action that another federal court already addressed.

any reason to hold otherwise.[3]  *Cf. Rolle v. Berkowtiz*, No. 3 Civ.7120, 2004 WL 287678, at *3 (S.D.N.Y. Feb. 11, 2004) (reasoning "dismissal rather than transfer is the appropriate remedy" because "transferring th[e] case to [another district] would only burden that court with a duplicative litigation, thereby undermining judicial economy and wasting precious judicial resources").

Accordingly, it is hereby

**ORDERED** that Reliance's motion for dismissal or in the alternative transfer of venue (Dkt. No. 9) is **GRANTED IN PART** and **DENIED IN PART** as follows:

> **GRANTED** as to dismissal; and
>
> **DENIED AS MOOT** as to transfer of venue; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

---

[3] Moreover, the court does not see how dismissal of this action prejudices D'Antuono. In the Pennsylvania action, she will be left with the same cause of action against the same defendant in a court of her choosing. (*Compare* Am. Compl. ¶¶ 22-25, *with* E.D. Pa. Dkt. No. 6 ¶¶ 22-25.)

5

**IT IS SO ORDERED.**

March 15, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge